## Commonwealth v. Braganini

*John Deutsch,* District Attorney, for Commonwealth.

*George T. McKinley,* for defendant.

HEIMBACH, P. J., December 17, 1970.—Defendant was charged with speeding by a member of the Pennsylvania State Police in an information filed in the office of Justice of the Peace Elizabeth S. Smith on September 7, 1970. On September 10, 1970, Justice of the Peace Smith, under her hand and seal, sent the following notice to defendant:

"You are hereby notified that an information has been filed against you before the undersigned, a Justice of the Peace, in and for said County, a true and correct copy of which information is attached and made a part hereof.

"You are hereby notified to appear at my office, No. Star Route, White Haven, Penna., within ten (10) days of the date of this written notice. If you do not voluntarily appear within ten (10) days of the date of this written notice, it will be my duty under the law to issue a warrant for your arrest."

Attached to this notice was the following statement:

"FOR YOUR INFORMATION"

"Should you wish to enter a plea of guilty, you shall, within ten (10) days of the date of this notice, pay the fine and costs amounting to $15.00, by appearing in person or by mailing money order payable to the above . . ."

Pursuant to such notice, defendant's attorney requested a hearing date be fixed, so that defendant could waive the hearing into court. The hearing date was set for October 9, 1970, and on October 6, 1970, defendant's attorney appeared at the office of the Clerk of the Court of Common Pleas, Criminal Division, and filed a waiver of hearing notice. On October 20, 1970, a transcript of the record was filed in such court. A copy of the transcript was mailed by the

justice of the peace to defendant's attorney on November 16, 1970.

Defendant's reasons for his motion to quash are these:

(1) The complaint fails to comply with Pennsylvania Rules of Criminal Procedure 106(a)(1), (2) and (3), and 106(b), (1) and (2).

(2) That the provision of section 3(d) of the Minor Judiciary Appeals Act, 42 PS §3003, was not complied with, since the copy of the transcript of the records was not mailed to defendant's attorney of record until November 16, 1970, a period of more than 20 days.

The procedure followed, in processing the instant matter by the justice of the peace, is in accordance with the proceedings by information and warrant as provided by the Act of April 29, 1959, P. L. 58, sec. 1202, 75 PS §1202.

Article 5, sec. 10(c), of the Pennsylvania Constitution provides:

"The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, justices of the peace and all officers serving process or enforcing orders, . . . if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitation or repose. *All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions.*" (Italics supplied.)

Rule 106 was adopted by the Supreme Court January 31, 1970, effective May 1, 1970. The rule provides

for the issuance of process pursuant to a complaint over which function the Supreme Court has exclusive control, since such rule neither abridges, enlarges nor modifies the substantive right of a litigant nor affects the right of the General Assembly to determine the jurisdiction of any court. All laws inconsistent with such rule or any other rule are suspended.

Thus, the issue before us is whether the procedure provided for in section 1202 of The Vehicle Code, supra, is inconsistent with the Rules of Criminal Procedure governing process. If so, the provisions in section 1202 providing for process are suspended.

Rule 106 provides:

"Rule 106. Issuance of Process Pursuant to Complaint.

"(a) In any proceeding initiated by complaint, the issuing authority shall first determine whether:

"(1) The complaint has been properly completed and executed;

"(2) The affiant is a responsible person; and

"(3) There is probable cause for the issuance of process.

"(b) Upon determining the above questions in the affirmative, the issuing authority shall:

"(1) Endorse the following on the complaint:

"And now, this date,_____
19_____, I certify the complaint has been properly sworn to and executed before me, and I believe the within affiant to be a responsible person and that there is probable cause for the issuance of process.
SEAL

_____
Issuing Authority

_____
Magisterial District

"(2) Issue summons or warrant of arrest as the case may be."

In determining the adequacy of subject complaint,[1] we are bound by the provisions of Rule 104, which provides, inter alia, that every complaint must contain the address of the affiant and a statement, attested to by the issuing authority, that the affiant swore to or affirmed the complaint before (her) and signed it in (her) presence. The information fails to contain the address of the affiant or such statement.

The justice of the peace failed to endorse on the complaint the certification required of her by Rule 106(b)(1), supra. The justice of the peace failed to issue a summons, as provided in Rule 106(b)(2), supra, which contained the information required by Rule 109. Such rule provides:

"Rule 109. Contents of Summons: Time of Hearing.

"Every summons shall be substantially in the form set forth in Rule 110, commanding the defendant to appear before the issuing authority for preliminary hearing in a court case or trial in a summary case at the place stated therein, at the time fixed therein which shall be not less than twenty days from the date of mailing said summons unless the issuing authority fixes an earlier date upon the request of the defendant or his attorney with the consent of the affiant."

The justice of the peace, in following the provisions of section 1202, supra, providing for a written notice being sent to the person charged of the filing of the information, together with a copy thereof and a notice to appear within ten days of the date of the written notice, lacked authority to do so, since such

---

[1] The rules do not require the initial process paper be designated a complaint rather than an information, but in the comment to the rule it is suggested that it would be better to so designate to eliminate ambiguity.

provisions, being inconsistent with Rule 109, are suspended.

Cases decided under the provisions of section 1202 of The Vehicle Code concerning the legal effect of a defective information, or notice where an appearance has been entered, furnish no guidelines in determining the question before us. We do find such guidelines in Rules 1 and 2. Rule 1, inter alia, provides:

"(a) These rules *shall* govern criminal proceedings[2] in all courts including courts not of record. Unless otherwise specifically provided, these rules shall not apply to juvenile or domestic relations proceedings nor to summary cases in Philadelphia County." (Italics supplied.)

Rule 2 provides:

"These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay and as nearly as may be in consonance with the rules of statutory construction."

We interpret the provisions of Rules 1 and 2 as mandatory. In the case at bar, the rules have been clearly and substantially, albeit unintentionally, violated by the justice of the peace.

Since we will grant defendant's motion to quash, we need not act on his other reasons for relief.

We enter the following

## ORDER

Now, to wit, December 17, 1970, for the reasons

[2] Rule 3(9) defines "proceedings" as including summary cases.

stated, defendant's motion to quash the proceedings is granted and defendant is discharged.

Costs on the County of Carbon.